IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CHRISTOPHER LENARD PUGH,** | : |
| Petitioner, | : |
| v. | : Case No. 5:25-cv-173-MTT-CHW |
| **WARDEN MARK AGBOASI,** | : |
| Respondent. | : |

## ORDER

*Pro se* Petitioner Christopher Lenard Pugh, an inmate in the Dooly State Prison in Unadilla, Georgia, filed a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241 (ECF No. 1), a motion to compel screening of the Petition pursuant to 28 U.S.C. § 2243 (ECF No. 4), and a motion to amend or correct the Petition (ECF No. 5). Petitioner also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). As it appears Petitioner is unable to pay the filing fee, his motion to proceed *in forma pauperis* is **GRANTED**.

Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he appears to be challenging his current incarceration at Dooly State Prison, which he contends is unlawful because no arrest warrant was ever issued and filed by state authorities. ECF No. 1 at 2. Petitioner is thus "in custody pursuant to the judgment of a State court," and his case must proceed under 28 U.S.C. § 2254 rather than § 2241. *See* 28 U.S.C. § 2254(a). Petitioner must therefore complete the enclosed § 2254 form in full, clearly identifying the State court in which he was convicted.

The amended petition must also include all information regarding how and when he exhausted state remedies. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c). Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If Petitioner has not exhausted state remedies, the Court cannot grant relief. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (stating that "[t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one).

The Court will screen the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts when Petitioner complies with this Order. His motion to compel (ECF No. 4) is therefore **DENIED as moot.** Because Petitioner is being directed to submit a recast Petition, his motion to amend or correct (ECF No. 5) is also **DENIED as moot.** The Court has not construed the Petition as seeking any relief available to a non-citizen detainee pursuant to 28 U.S.C. § 2241, and Petitioner may include any allegations he wishes the Court to consider in his recast petition. The Clerk is **DIRECTED** to correct the spelling of Respondent's name to Mark Agboasi. *See* ECF No. 5 at 1.

Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his Petition on the standard § 2254 form. This form will supersede (take the place of) Petitioner's current Petition (ECF No. 1) and any allegations included in his motion to amend

2

(ECF No. 5).  **Failure to fully and timely comply with this Order may result in the dismissal of this action.**  The Clerk is **DIRECTED** to mail a copy of this Order and the required forms, marked with the case number for this case, to Petitioner at his current address at Dooly State Prison.   Petitioner is also warned that the failure to keep the Court informed of any address change may result in the dismissal of this action.   There shall be no service of process until further order of the Court.

**SO ORDERED**, this 3rd day of July, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge