IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHRISTOPHER LENARD PUGH,                :
                                        :
    Petitioner,                         :
                                        :
v.                                      :     Case No. 5:25-cv-173-MTT-CHW
                                        :
MARK AGBOASI,                           :
                                        :
    Respondent.                         :
_____      :

## ORDER

Pending before the Court is a document filed by *pro se* Petitioner Christopher Lenard Pugh that he has labeled as objections to the United States Magistrate Judge's Order directing him to recast his Petition on one of the Court's standard forms for seeking relief pursuant to 28 U.S.C. § 2254 (ECF No. 7). Federal Rule of Civil Procedure 72(a) permits a party to object to a magistrate judge's order resolving a "pretrial matter not dispositive of a party's claim or defense" within fourteen days after being served with a copy of such order. Fed. R. Civ. P. 72(a). Where a party objects, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

In his objections, Petitioner contends that he is not "in custody pursuant to the judgment of a state court" because no warrant was ever issued for his arrest. ECF No. 7 at 1. Thus, Petitioner contends, "the magistrate judge has failed to come forth with any evidence to support the conclusion that" § 2254 applies to this case, and there is no reason

"to compel petitioner to recast petitioner's § 2241 petition to a § 2254 petition." *Id.* Petitioner also suggests that he should not have to exhaust since "no exhaustion is required for petitioner proceeding under 28 U.S.C. § 2241(c)(3)." *Id.* at 2.

"[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes," 28 U.S.C. § 2241 and 28 U.S.C. § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). Among other things, § 2241 applies to prisoners "in custody in violation of the Constitution or laws or treaties of the United States," as Petitioner here is contending. 28 U.S.C. § 2241(c)(3). But § 2254 additionally "applies to a subset of those to whom § 2241(c)(3) applies—it applies to 'a person in custody *pursuant to the judgment of a State court*'" who is also "in custody in violation of the Constitution or laws or treaties of the United States." *Medberry*, 351 F.3d at 1059 (emphasis in original) (quoting 28 U.S.C. § 2254(a)). Section 2254 petitions are subject to additional procedural restrictions. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008). And, "[a] state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004).

The Court acknowledges that Petitioner is contending he is not presently incarcerated pursuant to a lawful conviction, and therefore he should proceed solely under 28 U.S.C. § 2241. But Georgia Department of Corrections records indicate Petitioner has been incarcerated since May 24, 2016. *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp [https://perma.cc/5CUK-S75K] (searched "Pugh, Christopher") (last visited Aug. 18, 2025). It is therefore clear that some state entity

has charged Petitioner with or convicted him of some crime—even if he is incarcerated improperly, as he contends.[1] It thus appears likely that Petitioner's case is governed by both § 2241 and § 2254. *Thomas*, 371 F.3d at 786. For the Court to determine whether Petitioner's present custody is unlawful, the Court needs to understand from which court his custody originated and on what charges he is being held. The Court's standard forms are designed to provide the Court with this information. Completing the form pertaining to the more specific remedy—in this case, the § 2254 form—ensures the Court has all the information it requires to assess the validity of Petitioner's claims. Once the Court receives the required information, the Court will be able to assess whether the recast petition should be construed solely under § 2241, or whether it will be construed pursuant to § 2254 or § 2241. Either way, this action will be dismissed if Petitioner refuses to comply with the Court's order to complete the forms.

## CONCLUSION

For the foregoing reasons, Petitioner's objections are **OVERRULED**, and Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order submit a recast petition that complies with the instructions in the July 7th Order within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims. The Clerk is **DIRECTED** to mail Petitioner another copy of the standard § 2254 form, marked with the case number for this case, that Petitioner should use to comply. **Failure to fully and timely**

---

[1] Petitioner may be incarcerated based on a Clayton County, Georgia, conviction for smash and grab burglary, criminal trespass, possession of tools for the commission of a crime, and loitering or prowling, arising from a 2016 incident. *See Pugh v. State*, 347 Ga. App. 710, 710-11 (2018).

**comply with this Order will result in the dismissal of Petitioner's application for failure to comply.**  Petitioner is reminded to notify the Court in writing of any change in his mailing address.  There shall be no service of process until further order of the Court.

    **SO ORDERED**, this 22nd day of August, 2025.

                                S/ Marc T. Treadwell
                                MARC T. TREADWELL, JUDGE
                                UNITED STATES DISTRICT COURT